**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Willkie Farr & Gallagher LLP<br>1875 K Street, NW<br>Washington, DC 20006<br><br>                Plaintiff,<br><br>    v.<br><br>Department of State<br>Office of the Legal Advisor,<br>2201 C Street, N.W.,<br>HST Room 6321,<br>Washington, D.C. 20520<br><br>                Defendant. | Case No.: _____ |

**COMPLAINT FOR VIOLATION OF THE**
**<u>FREEDOM OF INFORMATION ACT</u>**

**INTRODUCTION**

1. Plaintiff Willkie Farr & Gallagher LLP ("Willkie" or "Plaintiff") represents forty U.S. nationals who were killed or wounded, or whose relatives were killed or wounded by the Islamic Republic of Iran ("Iran") and/or its agents in Iraq from 2006 to 2009, including American military veterans and Gold Star families. *See Ami Neiberger et al. v. Islamic Republic of Iran*, Case No. 1:16-cv-02193-EGS (D.D.C.) ("*Neiberger*"). Plaintiff brings this action for relief under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the State Department (the "Department" or "State") to produce records, as required by law, relating to the wrongful injury and deaths of U.S. soldiers and citizens.

2. On January 9, 2020, Plaintiff properly submitted a targeted request to the Department in accordance with FOIA and applicable Department regulations, requesting certain specified records pertaining to the death of an identified State Department employee in Iraq in 2008.

3. The Department's statutory deadline for making a determination concerning Plaintiff's request has long since expired. However, the Department has neither produced any documents nor made a determination. The Department's failure to act on Plaintiff's request violates FOIA and the Department's own FOIA regulations.

4. More than a decade ago, the President directed federal agencies to adopt a "presumption in favor of disclosure" and to respond to FOIA requests "promptly and in a spirit of cooperation," so that "openness prevails." FOIA Pres. Mem., 74 Fed. Reg. 4683, 4683 (Jan. 21, 2009). In failing to provide a determination or response to Plaintiff's FOIA request within the time period required by FOIA, the Department has thus far disregarded this directive.

5. The requested records have broader public significance beyond the *Neiberger* litigation. Official government publications, policy analysts, and the national media have all reported on America's efforts to hold Iran accountable for its support of terrorism in Iraq, reflecting the public's interest in allegations that Iran financed terrorism in Iraq.[1]

6. Plaintiff has constructively exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i), and now seeks judicial relief compelling the Department to promptly search for and produce the requested records, and enjoining any further improper withholding.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

8. Venue lies in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

9. Plaintiff Willkie Farr & Gallagher LLP is a law firm with an office in Washington, D.C. Plaintiff Willkie submitted the FOIA request identified in this Complaint.

10. Defendant U.S. State Department is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Department is believed to have possession, custody, and control of records responsive to Plaintiff's request.

---

[1] *See, e.g.*, *Iran Ordered to pay $879 Million to Khobar Towers Bombing Survivors: MM ~Law LLC*, CISION PR NEWSWIRE (July 7, 2020), https://www.prnewswire.com/news-releases/iran-ordered-to-pay-879-million-to-khobar-towers-bombing-survivors-mmlaw-llc-301088893.html; Natalie Rodriguez, *New Path To Justice May Await Terror Victims After Court Win*, LAW360 (May 31, 2020), https://www.law360.com/articles/1278222/new-path-to-justice-may-await-terror-victims-after-court-win; Richard A. Oppel Jr. and Nicholas Bogel-Burroughs, *'I Lost My Legs': Wounded in Iraq, He Sued Iran*, THE NEW YORK TIMES (JAN. 12, 2020), https://www.nytimes.com/2020/01/12/us/suleimani-iran-attacks.html; *see also* Tim Arango, et al, *The Iran Cables: Secret Documents Show How Tehran Wields Power in Iraq,* THE NEW YORK TIMES (Nov. 19, 2019), https://www.nytimes.com/interactive/2019/11/18/world/middleeast/iran-iraq-spy-cables.html; Edward Wong and Eric Schmitt, *U.S. Pressures Iraq Over Embrace of Militias Linked to Iran*, THE NEW YORK TIMES (Mar. 19, 2019), https://www.nytimes.com/2019/03/19/world/middleeast/iraq-us-tensions-iran.html.

**FACTUAL ALLEGATIONS**

**I.  PLAINTIFF PROPERLY SUBMITTED A FOIA REQUEST FOR DEPARTMENT RECORDS**

11.  On January 9, 2020, Plaintiff properly submitted a targeted request to the Department in accordance with FOIA and applicable Department regulations, requesting a specified list of records, files, reports, and other related documents pertaining to the June 24, 2008 explosion in Iraq that resulted in the death of a specified State Department Employee whose family member Willkie represents in *Neiberger*. The attack was identified by the date and city in which it occurred, the employee's identifying information, and the military units that responded. The request was submitted to the Department's FOIA Office via the Department's electronic submission website and via fax, as set out in the Department's FOIA website and regulations. *See Electronic Submission*, U.S. DEPARTMENT OF STATE, (July 31, 2020, 6:36 PM) https://foia.state.gov/Request/Submit.aspx; 22 CFR § 171.4(a) (stating that Department of State FOIA requests may be submitted by fax to (202) 261-8579). The request "reasonably describes" the records Plaintiff seeks believed to be in the possession of the Department as required by FOIA. 5 U.S.C. § 552(a)(3)(A)(i). The request and the fax machine transmission report confirming delivery of the request to the Department's FOIA fax number are attached in full as **Exhibit 1**.

12.  The Department sent an e-mail to Plaintiff on January 9, 2020, acknowledging receipt of Plaintiff's request. *See* **Exhibit 2**. The Department sent an additional email to Plaintiff on January 10, 2020, in which it again acknowledged receiving the request on January 9, 2020, and stated that it would "not be able to respond to the request within the 20 days provided by statute due to 'unusual circumstances.'" *See* **Exhibit 3**.

13.  The Department has not sent any further response or communication pertaining to Plaintiff's request. The Department has never asserted that the above-mentioned request failed to

3

reasonably describe the records sought or was improper or deficient in any manner. Nor has the Department ever requested any additional information from Plaintiff. Instead, the Department has failed to provide a determination or otherwise respond substantively to Plaintiff's request in violation of FOIA.

## II. THE DEPARTMENT FAILED TO MAKE DETERMINATIONS WITHIN FOIA'S TIME LIMITS FOR ALL EIGHT OF PLAINTIFF'S REQUESTS, AND PLAINTIFF HAS CONSTRUCTIVELY EXHAUSTED ADMINISTRATIVE REMEDIES

### A. The Department Violated FOIA's Time Limits and Search Requirements

14. Pursuant to 5 U.S.C. § 552(a)(3)(A), after receiving each of Plaintiff's request, the Department was required to search for responsive records, including making reasonable efforts to search for records in electronic format and to promptly produce the records it located. Further, pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Department was required to make a determination within 20 working days of receiving each FOIA request, unless within the 20-day period, pursuant to § 552(a)(6)(B)(i), the Department provided Plaintiff written notice that the Department had determined that "unusual circumstances" apply and was thereby seeking an extension of no more than 10 working days. 5 U.S.C. §§ 552 (a)(6)(A)(i), (a)(6)(B)(i); *see also* 22 CFR § 171.11 (e). Given that Plaintiff's request was submitted on January 9, 2020, the Department has long since violated the maximum 20- or 30-working-day deadline to provide a determination for Plaintiff's request as required by FOIA.

15. To date, nearly six months after the FOIA deadline expired, the Department has still made *no determination or production* in response to Plaintiff's request. The Department's failure to make a determination or any production within the required time period violates 5 U.S.C. §§ 552(a)(6)(A)(i) and (B)(i), as well as the Department's own FOIA regulations. *See* 22 CFR § 171.11 (e).

### B. Plaintiff Has Constructively Exhausted Administrative Remedies

16. For the foregoing request, the Department has not stated which documents will be produced or withheld, provided reasons for any withholding, or informed Plaintiff of its appellate rights. The Department thus has not made a determination as required by FOIA.

17. As stated above, the maximum 20- or 30-working-day time limit for a determination has long since expired, and Plaintiff is therefore "deemed to have exhausted administrative remedies" with respect to the foregoing FOIA violations. 5 U.S.C. § 552(a)(6)(C)(i). FOIA thus authorizes Plaintiff to bring suit in this District to compel prompt production and enjoin continued wrongful withholding of records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(4)(B).

## CLAIMS FOR RELIEF

### COUNT ONE: Failure to Comply with FOIA

18. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

19. Plaintiff properly requested records within the possession, custody, and control of the Department.

20. The State Department is an agency subject to FOIA.

21. The Department was required under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA request.

22. The time under 5 U.S.C. § 552(a)(6) for the Department to conduct such a search and to make a determination as to Plaintiff's FOIA request, informing Plaintiff which documents the Department intends to produce and withhold, and the reasons for withholding any documents, has expired.

23. The Department has wrongfully failed to make and communicate to Plaintiff a determination as to Plaintiff's FOIA request.

24. Pursuant to 5 U.S.C. § 552(a)(3)(A), the Department was required to promptly produce all responsive records that are subject to disclosure under FOIA.

25. The Department has wrongfully failed to make such a production as to Plaintiff's FOIA request.

26. Plaintiff has exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

27. Plaintiff is entitled to an order compelling the Department to conduct reasonable searches sufficient to locate responsive records and to expeditiously produce all responsive records, subject to withholdings agreed to by the parties or approved by the Court.

28. To facilitate determination of the validity of any withholdings based on FOIA exemptions the Department may ultimately assert, Plaintiff seeks an order compelling the Department to produce indexes justifying redactions to or withholding of responsive records.

## COUNT TWO:  Declaration Precluding Assessment of Fees

29. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30. The Department has failed to comply with time limits under 5 U.S.C. § 552(a)(6).

31. The Department has not discussed or attempted to discuss with Plaintiff how or whether Plaintiff is required to limit the scope of Plaintiff's FOIA request.

32. No court has determined that exceptional circumstances exist.

33. Accordingly, Plaintiff is entitled to a declaration that the Department may not assess any search fees associated with any of Plaintiff's FOIA request, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii) and 28 U.S.C. § 2201(a).

**PRAYER FOR RELIEF**

34. Plaintiff requests that the Court:

 a. Order the Department to expeditiously conduct a reasonable search for all records responsive to Plaintiff's FOIA request, to the extent such a search has not already been conducted, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of responsive records;

 b. Order the Department to produce within twenty (20) days or such other time as the Court deems proper all records responsive to Plaintiff's FOIA request that are subject to disclosure under FOIA, as agreed to by the parties or determined by the Court, and indexes justifying any withholdings or redactions;

 c. Declare that the Department failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees therefore may not be assessed under 5 U.S.C. § 552(a)(4)(A)(viii) with respect to Plaintiff's FOIA request;

 d. Award Plaintiff's attorney's fees and costs incurred in relation to this case, pursuant to 5 U.S.C. § 552(a)(4)(E); and

 e. Grant Plaintiff any other relief the Court deems just and proper.

Dated: September 11, 2020

    Respectfully submitted,

    */s/ Michael J. Gottlieb*
    Michael J. Gottlieb (D.C. BAR No. 974960)
    Nicholas Reddick (D.C. BAR No. 1670683)
    Samuel Hall (D.C. BAR No. 242110)
    Devin Charles Ringger (D.C. BAR No. 1044160)
    Willkie Farr & Gallagher LLP
    1875 K Street, N.W.
    Washington, DC 20006-1238
    Tel: (202) 303-1000
    Fax: (202) 303-2000
    MGottlieb@willkie.com
    NReddick@willkie.com
    SHall@willkie.com
    DRingger@willkie.com

    *Counsel for Plaintiff*